LINDSEY v. MID-STATE HOMES.

5-3487-3489, 3490, 3491 and 3492        388 S. W. 2d 551

Opinion delivered April 5, 1965

W. H. Shulze, for appellant.

Russell & Hurley and Wright, Lindsey, Jennings, Lester & Shults, for appellee.

SAM ROBINSON, Associate Justice. Jim Walters Corporation, a company engaged in constructing and selling partly finished houses, sold some of such houses to appellants, taking notes secured by mortgages for the unpaid balance of the purchase price. The Walters Company sold the notes to appellee, Mid-State Homes, Inc., at a discount. The appellants herein, makers of the notes,

defaulted in the payments and Mid-State filed suits to foreclose the mortgages. Appellants defended on the theory that a usurious rate of interest was charged. The cases were consolidated; there were decrees in favor of the owner of the notes, and the makers of the notes have appealed.

The issue is whether a usurious rate of interest was charged on the unpaid balance of the purchase price of houses sold to appellants, A. B. Lindsey, et al. Several sales are involved; the facts are the same in each so far as the application of usury laws is concerned.

Jim Walters sold houses to appellants for a certain sum; a small amount was paid on the purchase price, the balance to be paid in monthly installments; a little less than 10% per annum was charged as interest on the unpaid balance. Jim Walters sold the notes for the unpaid balance to Mid-State Homes, Inc., its wholly owned subsidiary, at a discount of 20%. Appellants contend that the transactions amounted to usury under the decision in *Hare* v. *General Contract Purchase Corporation*, 220 Ark. 601, 249 S. W. 2d 973. We said in the Hare case:

"If the seller, whether he has quoted two prices to the purchaser or not, subsequently transfers the title document to an individual or company which is engaged in the business of purchasing such documents, at a price which permits the transferee to obtain more than a return of ten per cent (10%) on its investment, then a question of fact arises as to whether the seller increased his cash price with the reasonable assurance that he could so discount the paper to such individual or finance company. If that reasonable assurance existed, then the transaction is in substance a loan and may be attacked for usury."

The evidence shows that Jim Walters did take the notes, bearing interest just under 10% per annum, knowing it could sell the notes to its subsidiary, Mid-State, at a discount of 20%. Of course, if the principal and interest were finally paid, Mid-State would make on its

investment a good deal more than interest at the rate of 10% per annum. Under the decision in the Hare case, a situation of this kind gives rise to the question of whether the transaction is usurious. The Chancellor held that it was not usurious and we cannot say the Chancellor's finding of fact is against the preponderance of the evidence. Although there is some evidence that Jim Walters charges a little more for houses in Arkansas than it does in Oklahoma because of the "closing cost", the undisputed evidence is that there is only one price on the houses sold in Arkansas. If anyone should pay the entire purchase price in cash, it would be the same as the principal sum if he bought on the installment plan.

We specifically point out that our decision here is based on the fact that the record does not show the findings of the Chancellor to be against the preponderance of the evidence in this case. We do not mean to impair the Hare case, or such cases as *Sloan* v. *Sears, Roebuck & Co.,* 228 Ark. 464, 308 S. W. 2d 802.

Affirmed.